UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MICHAEL OLACHEA,<br><br>Petitioner,<br><br>v.<br><br>KAMELA HARRIS, et al.,<br><br>Respondent. | Case No. 17-cv-01149-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 16 |

## I. INTRODUCTION

Alex Michael Olachea filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an unopposed motion to dismiss the petition as untimely. For the reasons discussed below, the Court dismisses the action as untimely because the statute of limitations deadline expired eight months before Mr. Olachea filed his habeas petition.

## II. BACKGROUND

Mr. Olachea was convicted in Alameda County Superior Court of murder, attempted murder and two counts of being a felon in possession of a firearm. Sentence enhancement allegations that he personally discharged a firearm and caused great bodily injury were found true. On October 24, 2012, Mr. Olachea was sentenced to 76 years to life in state prison.

He appealed. The California Court of Appeal affirmed his conviction on December 31, 2014. Docket No. 16-1 at 2. The California Supreme Court denied his petition for review on March 18, 2015. *Id.* at 91.

Mr. Olachea then filed several petitions for writ of habeas corpus in the state courts.

On March 9, 2016, he filed a petition in the Alameda County Superior Court (State Petition # 1). The Alameda County Superior Court denied the petition on May 4, 2016, on the grounds

1  that: (1) the instructional error and sentencing claims could have been, but were not, raised on
2  direct appeal; (2) all the claims were untimely; and (3) the petition failed to state a prima facie
3  claim for relief. *Id.* at 93-94. In support of the rejection of the petition as untimely, the superior
4  court cited several cases, including *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998). Docket No.
5  16-1 at 94.

6  On August 9, 2016, Mr. Olachea filed another petition for writ of habeas corpus in the
7  Alameda County Superior Court (State Petition # 2). The Alameda County Superior Court denied
8  the petition on September 2, 2016, on the grounds that: (1) the petition was successive and an
9  abuse of the writ; (2) the petition was untimely; (3) the second claim could have been, but was not,
10  raised on direct appeal; and (4) the petition failed to state a prima facie claim for relief. Docket
11  No. 16-1 at 96-97. In support of the rejection of the petition as untimely, the superior court cited
12  several cases, including *Robbins*, 18 Cal. 4th at 780. Docket No. 16-1 at 96. In support of the
13  rejection of the second claim because it should have been brought on appeal, the superior court
14  cited several cases, including *In re Harris*, 5 Cal. 4th 813, 829 (Cal. 1993), and *In re Dixon*, 41
15  Cal. 2d 756, 759 (Cal. 1953). Docket No. 16-1 at 96-97.

16  On November 3, 2016, Mr. Olachea filed a petition for writ of habeas corpus in the
17  California Court of Appeal (State Petition # 3). The California Court of Appeal denied the
18  petition on November 17, 2016, on the grounds that: (a) it was untimely (citing *Robbins*, 18 Cal.
19  4th at 780); (b) claims were presented in habeas that should have been presented on direct appeal
20  (citing *Harris*, 5 Cal. 4th at 829); and (c) the petition was successive (citing *In re Clark*, 5 Cal. 4th
21  750, 768, 797 (Cal. 1993). *See* Docket No. 16-1 at 99.

22  On December 21, 2016, Mr. Olachea filed a petition for writ of habeas corpus in the
23  California Supreme Court (State Petition # 4). The petition was summarily denied in an order that
24  did not cite any cases on February 1, 2017. *See* Docket No. 16-1 at 101.

25  Mr. Olachea then filed his federal petition for writ of habeas corpus. His federal habeas
26  petition has a proof of service showing that he mailed it to the court on February 26, 2017. Docket
27  No. 1 at 14. The petition was stamped "filed" at the courthouse on March 6, 2017. *Id.* at 1.
28  Applying the prison mailbox rule, the Court assumes for present purposes that Mr. Olachea gave

2

his petition to prison officials to mail on the date he signed the proof of service, and deems the petition to have been filed as of February 26, 2017. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule provides that *pro se* prisoner's filing of a document is deemed to have occurred when he gives it to prison officials to mail to the court).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The limitations period in this case began when the judgment became final upon "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The California Supreme Court denied Mr. Olachea's petition for review on March 18, 2015. His conviction became final 90 days thereafter, on June 16, 2015, because he did not petition for writ of certiorari. *See Greene v. Fisher*, 565 U.S. 34, 39 (2011) ("Finality occurs when direct state appeals have been exhausted and a petition for writ of certiorari from this Court has become time barred or has been disposed of"); *see also* Cal. Rule of Court 8.366(b), 8.500(e).

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, the several state habeas petitions

filed by Mr. Olachea result in no statutory tolling.

State Petition # 1 results in no statutory tolling because it was denied as untimely and therefore was not "properly filed," as required for tolling under § 2244(d)(2). The Alameda County Superior Court rejected State Petition # 1 as untimely (as well as for other deficiencies), with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). *See* Docket No. 16-1 at 93-94. A *Robbins* citation is the shorthand used by California courts to signal that a petition has been rejected as untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to page 780 in *Robbins* was clear denial on timeliness grounds). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets in original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). As in *Pace*, "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id.* at 417; *see also Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (no statutory tolling for petition rejected as untimely by California Supreme Court because petition was not "properly filed"; the fact that California's timeliness rule frequently requires consideration of diligence does not matter); *Thorson*, 479 F.3d at 645 (denial of petition with citation to *Robbins* at page 780, on which opinion discusses timeliness determinations, was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). The Alameda County Superior Court's denial of Mr. Olachea's State Petition # 1 as untimely strips that petition of any tolling effect. He thus is not entitled to statutory tolling for the days during which State Petition # 1 was pending in the Alameda County Superior Court. The one-year limitations period for Mr. Olachea to file his federal habeas petition continued untolled, and expired on June 16, 2016, eight months before he filed his federal petition for writ of habeas corpus.

State Petition # 2, State Petition # 3, and State Petition # 4 result in no statutory tolling because they were filed after the limitations period had expired. Petitions filed after the limitations period has already expired have no tolling effect under § 2244(d)(2). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("§ 2244(d) does not permit the reinitiation of the

4

limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Without tolling for State Petition # 1, the one-year limitations period to get to federal court expired on June 16, 2016, almost two months before Mr. Olachea filed State Petition # 2, about four months before he filed State Petition # 3, and about six months before he filed State Petition # 4.[1]

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 655 (quoting *Pace*, 544 U.S. at 418; *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Mr. Olachea has not offered any reason to equitably toll the limitations period.

Mr. Olachea's federal petition for writ of habeas corpus filed on February 26, 2017, was filed more than eight months after the expiration of the federal habeas statute of limitations period on June 16, 2016. His federal petition for writ of habeas corpus therefore must be dismissed as untimely.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] Because State Petition # 2, State Petition # 3, and State Petition # 4 were filed after the limitations period had expired, the reasons for the state courts' denial of those petitions does not matter to the timeliness analysis in this action. In other words, regardless of why they were denied, they could have no tolling effect because Mr. Olachea had already missed his deadline to get to federal court and these late petitions could not restart the limitations period. If, however, the reason for the denials mattered, it would not help Mr. Olachea. State Petition # 2 and State Petition # 3 were denied as untimely, with a citation to *Robbins*; thus, like State Petition # 1, these petitions would not have resulted in any statutory tolling. State Petition # 4 was summarily denied, without any mention of its timeliness. The summary denial of State Petition # 4 creates a presumption, unrebutted by Mr. Olachea, that the California Supreme Court agreed with the lower court's determination on the timeliness question. *See Curiel v. Miller*, 830 F.3d 864, 870 (9th Cir. 2016) (en banc) (when a higher-level court denies the petition summarily, the federal court looks through the silent decision and presumes the higher court agreed with and adopted the reasons given by the lower court). In other words, every one of Mr. Olachea's state habeas petitions was rejected as untimely and would result in no statutory tolling.

### IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. Docket No. 16. This action is dismissed because the petition for writ of habeas corpus was not filed before the expiration of the habeas statute of limitations period. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 24, 2017

_____
EDWARD M. CHEN
United States District Judge